IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

TYRONE L. WILLIAMS,
    Plaintiff,

v.

UNITED STATES OF AMERICA,
    Defendant.

Case No. 1:06-CR-10013-JEH

**Order**

Now before the Court is the Petitioner, Tyrone L. Williams, petition for post-conviction relief pursuant to 28 U.S.C. § 2255.[1] For the reasons stated, *infra*, the petition is denied, and the Court denies a certificate of appealability.

**I**

In February 2006, Williams was charged by a federal grand jury with Conspiracy to Produce Child Pornography and Distribution of Child Pornography in the Central District of Illinois. Williams was arrested on February 16, 2006, and subsequently detained pending trial. In June 2006, a Second Superseding Indictment was filed, charging Williams with additional counts of Production of Child Pornography. On September 26, 2006, Williams entered a guilty plea to Count 1 of the Second Superseding Indictment without a plea agreement, and a jury trial was scheduled for the remaining counts. On January 10, 2007, Williams was sentenced to 360 months' imprisonment, and the remaining counts were dismissed upon the government's oral motion.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

Williams appealed his sentence, challenging various aspects of the sentencing guidelines. The Seventh Circuit Court of Appeals affirmed the district court's judgment, finding that the offense level was properly calculated and that the statutory maximum sentence of 360 months was appropriate. In 2024, Williams filed the motion under 28 U.S.C. § 2255 currently pending before the Court, seeking to vacate, set aside, or correct his sentence based on the expungement of two state cannabis convictions, which he argues should lower his criminal history category. The Government opposes the motion, arguing that the expungements did not affect Williams' sentencing guideline range and that the motion is untimely.

William's original guideline range was calculated to be life imprisonment, adjusted to 360 months' imprisonment due to his 30-year statutory maximum cap. Regarding his Criminal History Category, it was found to be III, based upon six criminal history points. This included two points for two prior cannabis felony convictions, for which Williams received one criminal point for each cannabis conviction. Williams was convicted of unlawful possession of cannabis on January 28, 2005, in McLean County, Illinois, and was sentenced to 24 months of probation. Additionally, he was convicted of unlawful possession of cannabis with intent to deliver on February 1, 2005, in Iroquois County, Illinois, and was sentenced to 30 months of probation. Both of these convictions have now been expunged.

In his petition, Williams argues that because his two cannabis convictions have been expunged, his guideline range would now be lower, thus warranting § 2255 relief. The government disagrees, arguing that Williams's petition is untimely, that the expunged convictions do not change his guideline range, and, even if they did, a guideline error is not the type of error correctible through a § 2255 petition.

II
A

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may petition the court that imposed his sentence to vacate, set aside, or correct the conviction or sentence. Section 2255 relief is only available to a petitioner who shows "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Moreover, relief is not available under § 2255 even if an error in sentencing guideline calculations occurs, unless the error involved a violation of constitutional rights. *Hawkins v. United States*, 706 F.3d 915, 916-17 (7th Cir. 2013) (described as a "supplement opinion" to 706 F.3d 820) (both holding error in calculating defendant's sentencing range under the United States Sentencing Guidelines did not justify post-conviction relief, since there was no claim of constitutional error). Finality in the criminal process is strongly favored, especially when appellate remedies have been exhausted and the guidelines are "merely advisory[.]" *Hawkins*, 706 F.3d at 822-24.

The relevant period of limitations requires that a § 2255 motion be filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). "When an inmate, despite roadblocks thrown in his way, has reasonable time remaining to file a habeas petition in a timely manner, the circumstances cannot, as a definitional matter, be said to have prevented timely filing, as the standard requires." *Taylor v. Michael*, 724 F.3d 806, 811-12 (2013)

(noting that "denial of access to prison law library early in the one-year period did not prevent timely filing (citing *Hizbullahankhamon v. Walker*, 225 F.3d 65, 75-76 (2d Cir. 2001) (Sotomayor, J.))). Defendants are also not allowed "to tack on additional, otherwise untimely claims to […] one timely claim." *Davis v. United States*, 817 F.3d 319, 328 (2016).

## B

Even assuming Williams's petition is timely, he is not entitled to § 2255 relief because the expungement of his cannabis convictions has no effect on his Criminal History Category and, consequently, his guideline range. A defendant is in Criminal History Category III, like Williams, if he has between four to six criminal history points. Williams was originally found to have six criminal history points. Removing the two points he received for the now expunged cannabis convictions would lower his total criminal history points to four, but he would remain in Criminal History Category III. Accordingly, even if the cannabis convictions were ignored at his original sentencing hearing, his guideline range would remain as it was found by the Court. He is therefore not entitled to any relief for this reason, and the Court therefore does not address the other reasons asserted by the Government for why Williams's petition should be denied.

## III

For the reasons stated, *supra*, the petition is denied. Given the nature of Williams' claim for relief here and the fact that existing record conclusively shows that the petitioner is not entitled to relief , an evidentiary hearing on the § 2255 petition is unnecessary. *See Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). Furthermore, the Court finds that the petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the Court's assessment of the

constitutional claims debatable or wrong. Therefore, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

*It is so ordered.*

Entered on May 16, 2025

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE