IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TYRONE LENARD WILLIAMS,<br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>      Respondent. | Case No. 1:06-CR-10013-JEH |

**Order**

Now before the Court is the Petitioner's Motion for Reconsideration of this Court's Order on Petitioner's Motion to Vacate. (D. 239).[1] For the reasons set forth, *infra*, the Motion is denied.

**I**

On November 7, 2024, Petitioner, Tyrone Lenard Williams, filed a Motion to Vacate under 28 U.S.C. § 2255. (D. 229). After the Government responded to the petition, the Court granted Petitioner's Motion for Extension of Time to reply on February 26, 2025. (D. 235). However, before Petitioner replied, the Court entered judgment denying Petitioner's Motion to Vacate on May 16, 2025.[2] Since then, Petitioner has filed a Motion to Stay Proceedings and a Motion for Reconsideration regarding the petition's denial. (D. 238; D. 239).[3] On May 20, 2025, the Court found

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."
[2] After granting the extension (D. 235), the Court determined no reply could change the outcome, so judgment was entered within the time granted but before a reply was received.
[3] Petitioner *pro se* filed the instant motion as a Motion for Reconsideration. (D. 239). However, because judgment has been entered in this case and because Petitioner seeks relief pursuant to Rule 59(e), the Court construes the filing as a Motion to Alter or Amend a Judgment.

the Motion to Stay Proceedings moot in light of the entry of judgment. (D. 238). The Motion to Reconsider is now fully briefed.

## II

Federal Rule of Civil Procedure 59 governs the "[a]ltering or [a]mending [of] a judgment." FED. R. CIV. P. 59. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). A Rule 59 motion must have either "newly discovered evidence or establish a manifest error of the law or fact" to prevail. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Circ. 2000) (citing *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Circ. 1995)). Once the standard is established, Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). However, the losing party's disappointment does not create a "manifest error." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Rather, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id*. Moreover, a motion to alter or amend judgment should not be used to advance arguments that should have been argued before the district court entered judgment. *LB Credit Corp.*, 49 F.3d at 1263 (citing *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247-48 (7th Cir. 1995)). Similarly, "Rule 59 is not a vehicle for rearguing previously rejected motions" or "rehash[ing] old arguments." *Oto*, 224 F.3d at 606.

## III

Petitioner seeks relief pursuant to Rule 59(e), requesting the Court vacate the dismissal Order and grant reconsideration of judgment. (D. 239 at ECF p. 1). However, Petitioner's Motion does not present new evidence or reveal a manifest error of law or fact sufficient for him to prevail. *Oto*, 224 F.3d at 606.

Reading Petitioner's Motion as liberally as possible, he potentially asserts two manifest errors. First, Petitioner argues because he mistakenly forgot to include discussion about his second marijuana misdemeanor conviction within the petition, his Motion to Stay should have be granted and judgment should be vacated. (D. 239 at ECF p. 6). However, Petitioner's own mistake is not a basis for altering judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Circ. 1996) ("The rule does not provide a vehicle for a party to undo its own procedural failures").

Second, Petitioner makes arguments regarding re-sentencing standards. However, the Petitioner is not being re-sentenced, so those arguments are irrelevant. Moreover, to the extent that they could be relevant, such arguments should have been raised in his original petition.

Ultimately, Petitioner argues these manifest errors warrant the Court to vacate the dismissal of his § 2255 petition because not doing so would "improperly" deprive him of his "one fair opportunity to seek federal habeas corpus relief from his conviction." (D. 239 at ECF p. 7). It is true that every prisoner is allowed to submit a § 2255 petition to seek relief. "A prisoner is entitled to one, **but only one**, full and fair opportunity to wage a collateral attack." *O'Connor*, 133 F.3d 550 (7th Circ. 1998) (emphasis added). Since Petitioner already exhausted his one opportunity through the § 2255 petition that was denied on the merits, his argument is ineffectual. Here, the Motion does little more than rehash old arguments in new ways, in effect expressing disappointment with the ruling. Petitioner does not reveal a manifest error, and thus, amending or altering the judgment adherent to Rule 59(e) is unwarranted.

## IV

For the reasons stated, *supra*, Petitioner's Motion for Reconsideration (D. 239) is denied. The Clerk is directed to maintain the status of this case as closed.

*It is so ordered.*

Entered on July 2, 2025
<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE